UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLAUDIA SANTANA UTTERBACK,

Plaintiff,

v. Case No.: 5:25-cv-00600-RBD-PRL

COMMISSIONER OF SOCIAL SECURITY,

Defendant,
_______________________________/

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on Plaintiff's unopposed motion for attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $9,589.94, plus costs of $405 representing the filing fee. The attached schedules of hours confirm the attorney hours. (Doc. 25). Plaintiff represents that the Commissioner has no objection to her petition.

Plaintiff asserts that she is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that her net worth at the time proceeding was filed was less than two million dollars.[2] On June 17,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the

2026, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). The same day, the Clerk entered Judgment. (Doc. 21). Plaintiff then filed her petition for attorney's fees. (Doc. 25).

Plaintiff attached a copy of the fee agreement (Doc. 25-1), which includes Plaintiff's assignment of EAJA fees to her counsel. In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Accordingly, I recommend that pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's petition for attorney's fees (Doc. 25) should be **GRANTED**. Plaintiff should be awarded attorney's fees in the amount of **$9,589.94 and costs in the amount of $405 representing the filing fee.**

**DONE** and **ORDERED** in Ocala, Florida on September 29, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).